*1140 OPINION.
James:
The taxpayer introduced in evidence a copy of an original agreement between the Minerals Separation, Ltd., and the Chili-Bolivia Co., dated September 16, 1912, the contents of which in general have-been outlined above. The taxpayer also offered a copy of the contract between the Braden Copper Co. and Minerals Separation, Ltd., but an objection was made upon the ground that it was not the best evidence and it was rejected. However, from the personal recollections of the taxpayer without dealing with the contents of the contract, the picture is sufficiently before the Board in his oral testimony. To sustain a substantial value, the taxpayer testified *1141 that the then known ore bodies of the Braden Copper Co. could have been utilized to produce 10,000 tons per day by the time this contract was concluded. The testimony is_ silent as to whether the company contemplated such action. The taxpayer also claimed that a computation of value based upon the expectation of an annuity under these circumstances is justified.
It is not insignificant that the computations of the taxpayer of these values exceed by very substantial amounts the actual total royalty received by the taxpayer in the taxable years under review. We are not convinced that the contract had any value beyond that represented by an anticipated royalty upon the treatment of 3,400 tons daily for 10 years from September 16, 1921.
The taxpayer alleged in his petition, and the Commissioner admitted in his answer, that the taxpayer and three others entered into a contract with the Minerals Separation, Ltd., under the terms of which they were to receive for a period of 10 years certain royalties. From the evidence submitted by the taxpayer it appears, however, that the contract in question was not between the taxpayer and his •associates and Minerals Separation, Ltd., but was between Minerals Separation, Ltd., and the Chili-Bolivia Co. in which the taxpayer and his associates were stockholders. Upon the evidence before the Board, notwithstanding the admissions by the Commissioner, we find that the taxpayer had no interest in the contract subject to exhaustion. While we would not permit the Commissioner to introduce evidence to contradict the admissions of his answer, the evidence here in question came from the taxpayer as a necessary part of his case, and we must affirm the determination of the Commissioner, not upon the ground originally taken by him that the taxpayer’s contract was without value but upon the ground that the taxpayer had no contract.